# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| GLENN D. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-443-PLC |
| T. BREDEMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Upon initial review of plaintiff's complaint under 28 U.S.C. § 1915, however, the Court will dismiss the complaint for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this § 1983 action against defendants T. Bredeman, J. Cofield, Debra Steinman, and Dr. Karen Moody, all of whom work for Corizon Medical Services ("Corizon"). T. Bredeman is Corizon's Regional Medical Director, J. Cofield is the Director of Operations, Debra Steinman is a registered nurse at ERDCC, and Dr. Karen Moody is the Medical Director at ERDCC. Plaintiff has not indicated on his form complaint whether he is suing these defendants in their individual or official capacities.

Plaintiff states that on May 8, 2018, he had surgery for a fractured jaw at CMMP Surgical Center in Jefferson City, Missouri. The surgeon reconstructed plaintiff's chin, and placed chin braces and screws in his jaw. Plaintiff states that he returned to CMMP for follow-up appointments on May 21, 2018 and June 21, 2018, and learned that his chin was not put back in line with his jaw and his chin braces were screwed in too tightly. This process "put stress or pressure on his jawbone, that resulted in [severely] fracturing his jaw bone [which] was not broken prior." Plaintiff required a second surgery to insert more braces and screws and correct the second fracture.

On April 18, 2019, plaintiff filed an amendment to his complaint. By amendment, plaintiff seeks to add a claim arising out of a separate procedure nearly two years earlier. Plaintiff states that on September 15, 2016, an unnamed ear, nose, and throat specialist in Jefferson City, Missouri punctured (or removed; the allegations are unclear) plaintiff's eardrum and damaged his hearing by "vacuum[ing] out my inner ear for infections."

For relief, plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages against each defendant.

**Discussion**

As to plaintiff's legal claims, he states that he is suing the Corizon defendants "because this is not the first instance where inmates have complained of their jaw being broken, as a result of CMMP Surgical Center performing surgery on inmates. CMMP is an independent contractor with the Corizon Medical Services, and assumes no liability for any work they are contracted to do by Corizon, therefore Corizon is liable for placing plaintiff in the care of CMMP . . . ."

Plaintiff has not alleged any facts to indicate that the named defendants—Bredeman, Cofield, Steinman, and Moody—were deliberately indifferent to his serious medical needs. He does not allege defendants failed to respond to any of his medical needs, nor has he alleged defendants failed to provide him with any opportunity for treatment. *See Williams v. York*, 891 F.3d 701, 707 (8th Cir. 2018) ("'[W]here the duty to furnish treatment is unfulfilled, the mere contracting of services with an independent contractor does not immunize the State from liability for damages in failing to provide a prisoner with the opportunity for such treatment.") (quoting *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)). Plaintiff states in conclusory fashion that "[p]laintiff can make out an 8th Amendment claim against the defendants of Corizon Medical Services, for being deliberately indifferent to his safety, and for contributory negligence." Plaintiff's vague and conclusory allegations wholly lack factual support. *See Iqbal,* 556 U.S. at 678. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To the extent plaintiff claims these defendants should be liable for plaintiff's care and treatment at CMMP by virtue of their supervisory position, these claims are predicated on a *respondeat superior* theory that does not apply in § 1983 suits. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Finally, plaintiff has not indicated whether the defendants are sued in their personal or official capacity. The Court must interpret the complaint as including only official-capacity claims, which would require plaintiff to allege that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. *See Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims.")*; see, e.g.*, *Jones v. Corizon Med. Servs.*, No. 1:16-CV-55-SNLJ, 2016 WL 5870058, *2 (E.D. Mo. Oct. 7, 2016) (dismissing official capacity claims against Corizon defendants on initial review). Plaintiff's complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. For these reasons, the Court will dismiss without prejudice plaintiff's complaint, brought only against defendants Bredeman, Cofield, Steinman, and Dr. Moody, on initial review under 28 U.S.C. § 1915.

To the extent plaintiff might be able to allege the private surgeon was a state actor under § 1983, see *West v. Atkins*, 487 U.S. 42, 56 (1988), plaintiff has not alleged any facts from which the Court could find the surgeon was deliberately indifferent to plaintiff's serious medical need. Medical malpractice does not amount to deliberate indifference "merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An inmate must demonstrate that a prison medical treatment provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-

41 (8th Cir. 1997). Plaintiff alleges that during his May 8, 2018 surgery, the surgeon screwed plaintiff's jaw too tightly and misaligned plaintiff's chin and jaw bone. Plaintiff required a second surgery to correct this problem. Plaintiff's claim is tantamount to a showing of medical malpractice or negligence, not deliberate indifference. *See Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 389 (8th Cir. 2014).

Although it appears plaintiff might be able to state a plausible claim for state law medical malpractice, he has not alleged it against the proper defendant—the surgeon. Even if he had stated his medical malpractice claim against the surgeon, medical malpractice is a state law cause of action and not within the federal court's jurisdiction.

Finally, the Court will dismiss on initial review the claims alleged by plaintiff in his amendment to his complaint. *See* ECF No. 8. By amendment, plaintiff seeks to add an allegation against an unnamed ear, nose, and throat doctor who plaintiff alleges punctured plaintiff's eardrum and vacuumed out his inner ear. This incident is entirely separate from the jaw surgery that otherwise forms the basis of plaintiff's cause of action. Plaintiff's alleged ear injury occurred two years before the jaw surgery, and involves an entirely new unnamed defendant working at an unnamed facility. Federal Rule of Civil Procedure 10(b) states that a party's claims shall be "limited as far as practicable to a single set of circumstances." Because plaintiff's amendment violates the pleading requirement of Federal Rule 10(b) and is not brought against a proper defendant, the Court will dismiss these allegations without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of June, 2019.

*E. Richard Webber*

                E. RICHARD WEBBER
                UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).