UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-443-PLC |
| | ) | |
| T. BREDEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) or for reconsideration. For the following reasons, plaintiff's motion will be denied.

On June 14, 2019, the Court entered a memorandum and order and an order of dismissal on initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). The Court found that plaintiff had not alleged any facts from which the Court could find that the named Corizon defendants were deliberately indifferent to his serious medical needs. In plaintiff's Rule 59(e) motion to alter or amend the judgment, he states that he seeks to sue defendants in their individual capacities and seeks to establish a consistent pattern of recklessness or negligent conduct by defendants.

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . . Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact . . . ." *United States ex rel. Raynor v. Nat'l Rural Util. Co-op. Fin. Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (internal quotation and citations omitted). Upon careful review of plaintiff's motion, the Court finds no existence of manifest errors of law or fact.

As stated in the memorandum and order dated June 14, 2019, plaintiff has not alleged any facts to indicate the named Corizon defendants—T. Bredeman, J. Cofield, Debra Steinman, and

Dr. Karen Moody—were deliberately indifferent to his serious medical needs. He does not allege these defendants failed to respond to any of his medical needs, nor has he alleged defendants failed to provide him with any opportunity for treatment. These defendants merely referred plaintiff to CMMP Surgery Center and its oral surgeon for surgical treatment of plaintiff's broken jaw. Plaintiff alleges that during his jaw reconstruction surgery, the oral surgeon, who is not identified or named as a defendant, screwed plaintiff's chin braces too tightly. Plaintiff required a second surgery to correct the first surgery. Plaintiff has not named CMMP or its oral surgeon as defendants. Nor has he proposed to amend his complaint to name this entity or this individual. For these reasons, the Court finds no manifest errors of law or fact in its dismissal without prejudice dated June 14, 2019.

Additionally, to the extent plaintiff seeks to amend his complaint to allege defendants are being sued in their individual capacities, this motion will be denied as futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Again, plaintiff has not alleged any facts from which the Court could find deliberate indifference against the named Corizon defendants, none of whom performed plaintiff's oral surgery. Therefore, even if plaintiff were allowed to amend his complaint to allege defendants were liable in their individual capacities, such amendment would be futile as he still has not cured the deficiencies of the complaint that necessitated the dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) or for reconsideration is **DENIED**. [ECF No. 12]

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2019.